HERSEY, Judge.
This is an appeal from a conviction of possession of cannabis in excess of one hundred pounds. Four judicial acts are urged as error, two of which merit consideration.
In response to a call from a charter boat captain, two Martin County Sheriff’s deputies were dispatched to the Manatee Boat Dock. There they observed appellants’ vessel in tow behind the charter boat. A search of the vessel revealed in excess of one hundred pounds of cannabis in the cabin whereupon appellants were arrested and, in due course, tried, convicted and sentenced for a second degree felony.
Appellants moved to suppress the evidence resulting from the warrantless search, which motion was denied. We affirm that denial. While the facts are somewhat in dispute, there was credible testimony to the effect that, in response to one deputy’s request for permission to come aboard, one of the appellants replied: “Be my guest.” When the deputy had boarded the vessel and moved toward the cabin, one of the appellants made the statement: “You don’t have to look, it’s loaded.” Under these circumstances we find that there was consent to board and search the vessel. Even if no consent had been given, however, probable cause existed to search and exigent circumstances relieved the deputies from the requirement of obtaining a search warrant. Probable cause was established by the following facts: (1) the vessel ran out of fuel seventeen miles out at sea where appellants said they had been fishing — but the vessel was not rigged for fishing; (2) the bow of the boat rode low in the water whereas it is customary in this type of vessel for the bow to ride high and the stern low; (3) all of the cabin windows were covered with masking tape; (4) appellants were unable to produce the vessel’s registration papers; (5) during a rainstorm while the vessel was in tow appellants did not enter the cabin to avoid the rain; and, *1351 finally, (6) one of the deputies testified that he smelled marijuana as he was standing near the vessel.
Exigent circumstances consisted of the fact that this was a sea-going vessel, obviously mobile, and undergoing a refueling operation. While there was testimony from one witness that the charter boat may have maneuvered in such fashion that appellants’ vessel could only move forward toward the dock, it is clear that the charter boat captain had no authority whatsoever to block appellants’ escape once the vessel had been refueled.
For these reasons we hold that the war-rantless search was justified.
Appellants urge as additional error the sentence based upon a second degree felony, pointing out that mere possession of cannabis in excess of one hundred pounds is a felony of the third degree. At issue is the appropriate construction to be placed upon Section 893.13(l)(a)2, Florida Statutes (1977). Both the First and Second Districts have held that such an offense is a third degree felony. Beasley v. State, 382 So.2d 47 (Fla.2d DCA 1980); Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978). However, we again hold, as we did in State v. Brady, 379 So.2d 1294 (Fla. 4th DCA 1980) that is a felony of the second degree. In its opinion, the Beasley court certified the following question to the Supreme Court of Florida:
As Section 893.13 of the Florida Statutes read prior to the changes effected by 1979 legislation, was the unlawful possession, per se, of more than 100 pounds of cannabis a felony of the second or third degree?
Nevertheless, we are of the opinion that we are obligated to recognize this direct conflict in order that the Supreme Court, in the exercise of its conflicts jurisdiction, may review the case and resolve the conflict.
Having determined that appellants’ additional points on appeal are without merit, we affirm the conviction and sentence.
AFFIRMED.
DOWNEY, C. J., and ANSTEAD, J., concur.