406 So.2d 1089 (1981)
Walter A. PARKER, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 59674.
Supreme Court of Florida.
October 8, 1981.
Rehearing Denied January 8, 1982.
*1090 I. Paul Mandelkern of Russ & Mandelkern, Orlando, for petitioner.
Jim Smith, Atty. Gen., and Edward M. Chew, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review a decision of the Fifth District Court of Appeal, Parker v. State, 386 So.2d 1297 (Fla. 5th DCA 1980), which has been certified to this Court as being in direct conflict with an earlier decision of a different district court of appeal, Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. (1980).
Petitioner, Walter A. Parker, Jr., was charged by information with, among other things, conspiracy to possess more than 100 pounds of cannabis. His plea of nolo contendere to that charge was accepted by the trial judge and petitioner was sentenced to four years probation.
After serving one year of his probation, petitioner filed a motion contesting the four year length thereof. He argued that under the law controlling at the time that he was sentenced, possession of in excess of 100 pounds of cannabis was a third-degree felony and so the conspiracy to possess such was a first-degree misdemeanor. He further contended that since the maximum penalty for a first-degree misdemeanor is one year in prison and a $1,000 fine, it was illegal for the probation period imposed to exceed one year.
The trial court denied petitioner's motion and was affirmed, upon appeal, by the district court. The district court denied petitioner's motion for clarification, but granted his petition for certificate of direct conflict and certified such to this Court. Petitioner then invoked our discretionary jurisdiction.
Resolution of this matter, and of the conflict between the district courts, depends upon our interpretation of section 893.13, Florida Statutes (1977). If, under that law, possession of more than 100 pounds of cannabis is a third-degree felony, then petitioner is correct in his claim that conspiracy to possess such is a first-degree misdemeanor, punishable by not more than one year's imprisonment. If possession of such is a second-degree felony, as respondent contends, then the conspiracy offense is a third-degree felony, and petitioner's probation period does not exceed the maximum sentence which may be imposed therefor.
Subsection 893.13(1)(a)2, Florida Statutes (1977), provides as follows:
Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
* * * * * *
A controlled substance named or described in s. 893.03(1)(c) [wherein cannabis *1091 is named] is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.084; except that the sale, delivery, or possession of in excess of 100 pounds of cannabis as controlled in s. 893.03(1)(c) shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Petitioner contends that in order to be convicted of a second-degree felony under subsection 893.13(1)(a)2, Florida Statutes (1977), the person charged with possessing in excess of 100 pounds of cannabis must have possessed such with intent to sell or deliver the cannabis. He further asserts that simple possession of over 100 pounds is covered by subsection 893.13(1)(e), Florida Statutes (1977), which provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Petitioner's position is supported by several decisions from the first and second district courts. See Reinersman v. State, 382 So.2d 325 (Fla. 2d DCA 1979); Beasley v. State, 382 So.2d 47 (Fla. 2d DCA), cert. denied, 388 So.2d 1109 (Fla. 1980); Schueren v. State, 370 So.2d 83 (Fla. 1st DCA 1979); Chewning v. State, 366 So.2d 144 (Fla. 1st DCA 1979); and Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978).
Respondent, the state, on the other hand, argues that section 893.13, Florida Statutes (1977), and the legislative intent thereof are both clear, and that mere possession of more than 100 pounds of cannabis is a second-degree felony. Respondent's argument is supported by decisions from the Fourth District Court of Appeal. See Chesnut v. State, 382 So.2d 1349 (Fla. 4th DCA 1980); and State v. Brady, 379 So.2d 1294 (Fla. 4th DCA 1980).
We agree with respondent's contention that section 893.13, Florida Statutes (1977), clearly and unambiguously establishes that mere possession of over 100 pounds of cannabis constitutes a second-degree felony, regardless of the possessor's intended use therefor.
Section 893.13(1)(a)2, Florida Statutes (1977), provides generally that one who sells, manufactures, delivers, or possesses with intent to sell, manufacture, or deliver cannabis is guilty of a third-degree felony. Simple possession of cannabis is not included in the conduct proscribed under the provisions of the first portion of said section. The last clause of section 893.13(1)(a)2, Florida Statutes (1977), however, creates an exception for cases involving over 100 pounds of cannabis. That clause provides that "the sale, delivery, or possession of in excess of 100 pounds of cannabis" (emphasis added) constitutes a second-degree felony. The exception does not address "possession with intent" as does the first portion of the section, rather, it covers simple "possession."
We think that the variation in the wording of the two clauses is a distinction with a difference. There is a marked difference between "possession with intent" and simple "possession." The first clause of section 893.13(1)(a)2 contains a provision that the last part does not, and "[t]he presence of such a provision in the one part and its absence in the other is an argument against reading it as implied." United States v. Atchison, Topeka, & Santa Fe Railway Co., 220 U.S. 37, 44, 31 S.Ct. 362, 363, 55 L.Ed. 361 (1911).
Nor is this a situation justifying departure from the plain, literal meaning of the statute. Such departure is permitted when a literal interpretation would lead to an illogical result or one not intended by the lawmakers. State ex rel. Hughes v. Wentworth, 135 Fla. 565, 185 So. 357, 360 (1938). A literal reading of section 893.13(1)(a)2, Florida Statutes (1977), results in *1092 neither of the above. It is not illogical to draw distinctions between the treatment of those possessing less than 100 pounds of cannabis and those possessing more than 100 pounds, and, as we have noted, we believe that a literal reading of the statute, far from frustrating legislative intent, is required in order to comply with the legislature's intent.
Petitioner argues that when the word "possession," as used in the last clause of the statute, is considered in light of the rules of statutory construction and is subsumed to and construed in pari materia with the rest of the statute, it is clear that possession really means "possession with intent." Regardless, however, of the merits of petitioner's statutory interpretation language, section 893.13(1)(a)2, Florida Statutes (1977), provides that "possession with intent" of cannabis is a third-degree felony while simple "possession" of over 100 pounds of the same constitutes a second-degree felony. According to the plain, literal meaning of the statute there is a distinctive difference.
Resort to the rules of statutory construction supports our conclusion regarding the clear meaning of the statute. As always, legislative intent is the pole star by which we must be guided in interpreting the provisions of a law. See State v. Sullivan, 95 Fla. 191, 116 So. 255 (1928). The legislature has evidenced an intent, in section 893.13(1)(a)2, Florida Statutes (1977), to punish more severely those possessing large quantities of cannabis.
One indicator of the legislature's intent is the title of the law enacting the statute. As we noted in Foley v. State, 50 So.2d 179, 184 (Fla. 1951):
[I]f the phraseology of the act is ambiguous or is susceptible of more than one interpretation, it is the court's duty to glean the legislative intent from a consideration of the act as a whole, "the evil to be corrected, the language of the act, including its title, the history of its enactment, and the state of the law already in existence bearing on the subject", ...
(Emphasis added.) The title to chapter 76-200, Laws of Florida, 1976, which amended section 893.13(1)(a) by adding the clause pertaining to amounts of cannabis exceeding 100 pounds, reads as follows:
AN ACT relating to criminal penalties; amending s. 893.13(1)(a), Florida Statutes, providing that the sale, delivery or possession in excess of 100 pounds of cannabis is a felony of the second degree; providing an effective date.
The clear import of the title to chapter 76-200 is that those possessing over 100 pounds of cannabis are guilty of a second-degree felony  no reference whatsoever is made to an intent requirement.
Petitioner argues that it is unreasonable to interpret chapter 76-200 as covering simple possession because a clause so doing would logically be located in section 893.13(1)(e), which relates to simple possession of cannabis. We agree that perhaps the provision relating to possession of over 100 pounds of cannabis could have been better located, but that affects neither the rule nor the clear meaning of the law. And, repeating ourselves, although the introductory clause of section 893.13(1)(a)2, Florida Statutes (1977), refers to "possession with intent," the portion in question creates an exception to that which precedes it, and need not and does not track the provisions thereof.
Also relevant here are any amendments of section 893.13 since the enactment of chapter 76-200, for, "[t]he court has the right and duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation." Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla. 1952). The subsequent legislative history of the act buttresses our interpretation thereof.
Chapter 79-1, Laws of Florida, 1979, enacted section 893.135, Florida Statutes (1979), which provides that anyone "who is knowingly in actual or constructive possession of, in excess of 100 pounds of cannabis is guilty of a felony of the first degree." Such bears out respondent's observation that the legislature intends that more severe *1093 penalties be imposed upon those possessing large quantities of cannabis.
Petitioner counters that section 893.135, Florida Statutes (1979), did nothing to resolve the question here, because it did not resolve the conflicting provisions of section 893.13 regarding possession and possession with intent, and that section 893.13(1)(e), Florida Statutes, would still control in a "mere possession" situation. Chapter 80-70, Laws of Florida, 1980, however, eliminated any such confusion the following year. It amended section 893.135 to provide that those possessing over 100 pounds of cannabis are guilty of a first-degree felony "notwithstanding the provisions of s. 893.13." The legislature thus made it clear that if one possesses over 100 pounds of cannabis, the penalty is the same regardless of the intent involved. The legislature's removal of any doubts regarding the statute reinforces our conclusion that section 893.13(1)(a)2 was intended to cover those who simply possessed over 100 pounds of cannabis.
In light of the foregoing, we are of the opinion that the district court ruled properly in affirming petitioner's sentence. Section 893.13(1)(a)2 quite clearly provides that possession of over 100 pounds of cannabis is a second-degree felony. Statutory interpretation via accepted rules of construction reinforces such conclusion. The district court's decision is therefore, approved, and all other decisions not consistent herewith are overruled.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and ALDERMAN, JJ., concur.