404 So.2d 1064 (1981)
Michael CHESNUT, et al., Petitioner,
v.
STATE of Florida, Respondent.
No. 59345.
Supreme Court of Florida.
October 8, 1981.
William C. Owen, Jr. of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, West Palm Beach, Marsha Madorsky, Miami, and Sandstrom & Haddad, Fort Lauderdale, for petitioners.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
By petition for certiorari, we have for review a decision by the District Court of Appeal, Fourth District (Chesnut v. State, 382 So.2d 1349 (Fla. 4th DCA 1980)), which directly conflicts with decisions of the District Court of Appeal, First District (Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978)), and the District Court of Appeal, Second District (Beasley v. State, 382 So.2d 47 (Fla. 2d DCA 1979)). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioners were the only persons aboard a boat to which an auxiliary coast guard craft gave tow. On the way to port, the captain of the towing vessel radioed the Martin County Sheriff's Department and requested that officers meet the boats at the docks, as he had certain suspicions regarding the towed boat.
Upon arrival at port, petitioners began refueling their boat and the coast guard captain conferred with the waiting deputies regarding his suspicions. According to the deputies' testimony, they then approached petitioners' craft and, upon requesting permission to board, were told to "be my guest". As one of the officers approached the boat's cabin, the windows of which were taped over and the door of which was wired shut, he was told "You don't have to look, *1065 it's loaded." The officer then opened the cabin, which was filled with marijuana.
Before their trial on charges of possessing over 100 pounds of cannabis, petitioners filed a motion to suppress evidence, which the trial court denied. They were then tried before a jury, found guilty of the charges, and sentenced to fifteen years imprisonment.
On appeal, the fourth district court affirmed petitioners' convictions, noting first, that petitioners gave their consent to the search and second, that even had no consent been given, probable cause existed to search the boat and exigent circumstances justified the failure to obtain a warrant. Petitioners argue that even if the statement "be my guest" constituted consent to board the boat, the subsequent statement, "You don't have to look, it's loaded", was not consent but, rather, was a specific refusal of permission to search the cabin.
We need not address the issues, raised by petitioners, of whether there was probable cause to board the boat and whether there were exigent circumstances justifying the warrantless search, as the matter can be resolved on the basis of the consent given the deputies to search the boat. The trial court, after considering the relevant circumstances, found that petitioners consented to the search. Such finding was within that court's domain, for, as the United States Supreme Court has observed:
[T]he question of whether a consent to search was in fact "voluntary" or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances.
Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).
Petitioners argue that while consent is a matter to be determined by the trial judge, Mack v. State, 298 So.2d 509 (Fla. 2d DCA 1974), and State v. Hysell, 281 So.2d 417 (Fla. 2d DCA 1973), the record here is not sufficient as a matter of law to support the trial court's finding thereof. We have reviewed the testimony at the hearing on petitioners' motion to suppress evidence, and are of the opinion that while there may be room for difference regarding the conclusion to be drawn, the evidence was sufficient for the trial court to find that there was consent to board and search the boat in question. We will not, therefore, interfere with said finding, and do affirm that part of the district court's opinion affirming the trial court's denial of petitioners' motion to suppress.
Relying upon Aylin v. State, petitioners also argue, as an issue on appeal, that an information under section 893.13, Florida Statutes (1977), charging simple possession of over 100 pounds of cannabis, as theirs did, and not alleging that such possession was with intent to sell, manufacture or deliver the cannabis, charges one with a third rather than a second-degree felony. In light of our recent decision in Parker v. State, No. 59,674 (Oct. 8, 1981), overruling Aylin v. State, we disagree and find that petitioners' fifteen-year sentences are legal, inasmuch as both were charged with and found guilty of a second-degree felony.
In light of the foregoing, the decision of the district court upholding petitioners' convictions and sentences is affirmed.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.