The Honorable George Kent Mayor Town of Orange Park Post Office Box 428 Orange Park, Florida 32067-0428
Dear Mr. Kent:
This is in response to your request for an opinion on the following question:
 MAY A MUNICIPALITY WHICH ELECTS TO PROCEED UNDER THE PROVISIONS OF PART II OF CH. 163, F.S., UTILIZE A SINGLE PLANNING AND ZONING BOARD TO ACT AS A PLANNING COMMISSION AND A BOARD OF ADJUSTMENT?
Your letter states that the Town of Orange Park adopted a zoning code in 1977 which established a "Planning and Zoning Board" which was given the power "[t]o serve in an advisory capacity to the Orange Park town council on all matters relating to the zoning of land." Section 10-6, Art. 10, Orange Park Code. The same board was also given the power "[t]o serve as an appeals and adjustment board on matters relating to . . . appeals . . . zoning exceptions . . . and zoning variances . . . ." Id. Your letter further states that the Town of Orange Park elected to adopt a comprehensive plan and proceed under the provisions of Part II of Ch. 163, F.S., in 1981. I will assume for purposes of this opinion that such election was in conformity with s 163.175(1), F.S. 1981, which provides in pertinent part:
 MUNICIPALITIES AND ADJACENT AREAS. — Any incorporated municipality may exercise any or all of the powers granted under the provisions of this act in the total area within its corporate limits upon passage of an appropriate ordinance to that effect by the governing body.
See also, s 163.315(1), F.S. (requiring that an "incorporated municipality . . . desiring to utilize the provisions of this act must take formal suitable action declaring its election to proceed under the provisions of this act."). Cf., s 163.315(2), F.S., which provides:
 Any municipal or county ordinance legally enacted under the provisions of any such preexisting power and authority shall remain in force and effect after this act becomes effective until the county or municipality has elected to proceed under the provisions of this act and has brought such resolution or ordinance into conformity with the provisions of this act. However, after this act becomes effective in any county or municipality, such resolutions and ordinances shall be administered under the provisions of this act, and any amendments to any such county or municipal ordinance shall be made under the provisions of this act.
However, you further advise that the Town of Orange Park has made no changes in s 10-6. Art. 10, Orange Park Code, since the election to proceed under Part II of Ch. 163, F.S., and that the single Planning and Zoning Board has continued to act in the dual capacity of an advisory commission and a zoning board of adjustment. See, ss 163.180, F.S., and 163.185, F.S., governing the establishment, officers, procedures, functions, powers, and duties of "Commissions" in counties and municipalities electing to proceed under the provisions of Part II of Ch. 163, F.S. See also, ss 163.220, F.S., and 163.225, F.S., relating to the creation, officers, procedures, powers and duties of boards of adjustment pursuant to the provisions of Part II of Ch. 163, F.S. In light of current revisions to the Orange Park Code, you ask whether the town may permit the "Planning and Zoning Board" to act in such dual capacity, or whether the town must establish separate entities to act as a "commission" and as a board of adjustment pursuant to an election to proceed under the provisions of Part II of Ch. 163, F.S.
Part II of Ch. 163, F.S., concerns "County and Municipal Planning for Future Development." The act authorizes counties and municipalities to, inter alia, "plan for future development, adopt and amend comprehensive plans to guide future development, adopt and enforce zoning regulations, . . . and establish and maintain the boards and commissions herein described for carrying out the provisions and purposes of this act." Section 163.160(1), F.S. However, the provisions of the act are declared to be only the "minimum requirements" for protecting the public interest and promoting orderly development. Section 163.165(2), F.S. As such, the act specifically provides that "[a]ny governing body of any county or any incorporated municipality may, but shall not be required to, exercise any of the powers set out in this act." Section 163.165(3), F.S. The method of election to proceed under the provisions of the act is as noted above, by passage of an appropriate ordinance to that effect. Section 163.175(1), F.S. However, s 163.165(3) further provides, "Whenever a governing body shall elect to exercise any of the powers granted by this act, such powers shall be exercised in the manner hereinafter prescribed." (e.s.) I have previously concluded that once a local governing body makes an election to proceed pursuant to Part II of Ch. 163, F.S., for any powers and functions granted thereby, it must thereafter proceed in compliance with Ch. 163 for all applicable regulations. A local governing body "cannot pick and choose which portions of a comprehensive program established by the Legislature it wishes to comply with." Attorney General Opinion 79-40. See also, AGO 72-273 (concluding that an election to proceed under Part II of Ch. 163, F.S., requires that "all preexisting ordinances and resolutions must be brought into conformity" with the act and are then administered pursuant to its provisions, citing to s 163.315[2], F.S.). Accordingly, an analysis of the provisions of Part II of Ch. 163, F.S., which relate to the formation and functions of "commissions" and boards of adjustment is required to determine whether maintenance of a single "Planning and Zoning Board" to perform such functions is within the permissible administration of the provisions of the act by a municipality which elects to proceed thereunder.
Section 163.170(2), F.S., provides, "`Commission' means the planning commission, and, where appropriate, any zoning commission created under the provisions of s. 163.183, appointed by the governing body or bodies adopting the provisions of this part as provided hereinafter." Section 163.183, F.S., permits charter counties to "divide planning and zoning functions and create a planning commission and one or more zoning commissions." Therefore, since the only exception provided under the definition of "commission" does not pertain to a municipality, it would appear that any references to "commission" in Part II of Ch. 163, F.S., are intended to include only a planning commission. See, e.g., Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) (rule of "expressio unius est exclusio alterius," meaning that express mention of one thing is the exclusion of another). Such commissions are established and organized pursuant to s 163.180, F.S.
For purposes of this opinion, the following provisions of s 163.180 are pertinent:
 (1) ESTABLISHMENT AND COMPOSITION. — The governing bodies of counties and incorporated municipalities are hereby empowered . . . to establish commissions and appoint members thereto, the proportionate membership thereof to be as agreed upon and appointed by the governmental bodies concerned. Elected officeholders of any of the jurisdictions involved may serve only in an ex officio capacity.
 (2) TERMS OF OFFICE; REMOVAL FROM OFFICE; VACANCIES. — Members of the commission shall be appointed for staggered terms of such length as may be determined jointly by the governing bodies involved . . . .
(3) OFFICERS, RULES OF PROCEDURE, EMPLOYEES AND SALARIES. —
 (c) The commission may, subject to the approval of the governing body concerned and within the financial limitations set by appropriations made or other funds available, employ such experts, technicians, and staff as may be deemed proper and pay their salaries, contractual charges and fees, and such other expenses as are necessary to conduct the work of the commission.
 (4) APPROPRIATIONS, FEES AND OTHER INCOME. — The governing body for the area under the jurisdiction of the commission is hereby authorized and empowered to make appropriations for salaries, fees, and expenses necessary in the conduct of the work of the commission and also to establish a schedule of fees to be charged by the commission. To accomplish the purposes and activities authorized by this act, the commission, with the approval of the governing body or bodies, has the authority to expend all sums so appropriated . . . .
The functions, powers, and duties of the commission are as provided in s 163.185, F.S., all of which relate to preparation, adoption, review, and amendment of a comprehensive plan for the jurisdiction. Sections 163.190, F.S., 163.195, F.S., and 163.200, F.S., relate respectively to the contents and adoption procedure, legal effect, and review and amendment procedures which concern the comprehensive plan. Cf., ss 163.3161-163.3211, F.S., the Local Government Comprehensive Planning Act of 1975, which requires local governments to undertake comprehensive planning in contrast to the statutory provisions discussed herein, which permit local governments to elect to proceed in accordance therewith with respect to comprehensive planning and enforcement of zoning ordinances adopted thereunder. The statutory scheme then moves to the next step in the process established by the act, adoption of a zoning ordinance based on the comprehensive plan. See, s 163.205(1), F.S., providing in pertinent part:
 After a comprehensive plan has been prepared and adopted as provided for in ss. 163.190, 163.195, and 163.200, . . . the governing body of an area described under s. 163.175, in accordance with the conditions and procedures specified in this act, may enact or amend and enforce a zoning ordinance after a public hearing with due public notice.
My review of the foregoing statutes and ss 163.210, F.S., and 163.215, F.S., indicates that the statutory scheme enacted by the Legislature in Part II of Ch. 163, F.S., envisions that the commission established and empowered thereby is charged with preparing, recommending, and reviewing a comprehensive plan for the commission's territorial jurisdiction as a whole. See, e.g., ss 163.210 and 163.215, relating to the commission's power to recommend establishment of zoning districts and various regulations therefor.
In contrast to the foregoing provisions, boards of adjustment are created and organized pursuant to s 163.220, F.S., which provides in pertinent part:
 (1) CREATION AND COMPOSITION. — As part of the zoning ordinance, the governing body shall create a board of adjustment. . . . Members of the board of adjustment shall be appointed by the governing body . . . . No member or alternate member of the board of adjustment shall be a paid or elected official or employee of the governing body involved.
 (2) TERMS OF OFFICE, REMOVAL FROM OFFICE, VACANCIES. — Members of the board of adjustment shall serve for overlapping terms of not less than 3 or more than 5 years or thereafter until their successors are appointed.
 (3) OFFICERS, RULES OF PROCEDURE, EMPLOYEES AND SALARIES. — The board of adjustment shall elect a chairman and a vice chairman from among its members and shall appoint a secretary who may be an officer or employee of the governing body or of the commission. The board may create and fill such other offices as it may determine to be necessary for the conduct of its duties. Terms of all such offices shall be for 1 year, with eligibility for reelection.
 (4) APPROPRIATIONS, FEES, AND OTHER INCOME. — The governing body is authorized and empowered to appropriate such funds as it may see fit for salaries, fees, and expenses necessary in the conduct of the work of the board of adjustment. The governing body is authorized to establish a schedule of fees to be charged by the board of adjustment. The board shall have the authority to expend all sums so appropriated . . . .
(e.s.)
Section 163.225, F.S., describes in detail the powers and duties of the board of adjustment relating to hearings of appeals from determinations of administrative officials enforcing the zoning ordinance, requests for special exceptions, and requests for variances, all of which relate to district-wide regulations as applied to individual parcels and property owners. Note particularly s 163.225(2)(e), which provides that "[t]he zoning ordinance shall require that the board of adjustment confer with the commission in all cases involving requests for special exceptions." See also, ss 163.230-163.250, F.S., relating to procedures, rights and remedies applicable to the board of adjustment and applicants before the board.
Comparison of the applicable statutory provisions relating to commissions established pursuant to s 163.180, F.S., and boards of adjustment created pursuant to s 163.220, F.S., leads me to conclude that the Legislature intended that these entities be separate and distinct inasmuch as their powers and duties relate to different areas of responsibility and insofar as the statutory enabling authority for each is in some respects mutually exclusive of the kind of duality of operation which presently exists with respect to the Orange Park Planning and Zoning Board. For example, commissions may include elected officeholders as ex officio members, but boards of adjustment may not. Members of the commission are appointed for staggered terms of such length as may be determined by the appointive authority, while board of adjustment terms must be overlapping and for specified terms of not less than 3 or more than 5 years. Commissions may hire staff and employees, but boards of adjustment may create only such offices as are necessary for terms not exceeding one year. Commissions must obtain approval from the governing body to expend appropriated funds; no such approval is required for boards of adjustment. The planning commissions essentially adopt, amend and propose or recommend the adoption by the governing body of the comprehensive plan but may not grant exceptions or variances from such plan as it adopts and proposes, while the board of adjustment is empowered to do so and exercises delegated quasi-judicial power over such plans. The statutory scheme appears to evince an intent that a commission is established first to propose a comprehensive plan, while a board of adjustment is created only when the governing body adopts a zoning ordinance consistent with and after approval of the comprehensive plan. Finally, I note that the zoning ordinance must require that the board of adjustment confer with the commission as part and parcel of its power and duty to hear requests for special exceptions. Although I find no express prohibition of a single entity serving the dual role of commission and board of adjustment, my analysis of the statutory scheme pervading Part II of Ch. 163, F.S., leads me to conclude that a municipality which elects to proceed under the provisions of the act must establish separate entities to act as a "commission" or planning commission for purposes of s 163.180, F.S., and as a board of adjustment pursuant to s 163.220, F.S., in order to comply with the requirement of s 163.315(2), F.S., that all ordinances be administered under the provisions of the act, and with the requirement of s 163.165(3), F.S., that the powers set out in Part II of Ch. 163 be exercised in the manner therein prescribed. To the extent that the act divides the planning and zoning functions and the zoning appeals' processes, and assigns the former to a "commission" and the latter to a board of adjustment, and authorizes the creation and operation of such entities in statutory terms that are in some respects mutually exclusive, it appears that the Legislature intended that two separate entities were required to effectuate the dual statutory purposes of preparing and continuously reviewing a plan for future development encompassing a wide territorial area on the one hand, and of administering, enforcing and granting exceptions and variances from zoning ordinances enacted pursuant to the plan as applied to particularized individual circumstances on the other hand. Legislative intent is the pole star by which a court must be guided in interpreting statutory provisions. Parker v. State,406 So.2d 1089 (Fla. 1981); Ervin v. Peninsular Telephone Co.,53 So.2d 647 (Fla. 1951). The legislative intent must be ascertained from the statute by considering the language used, subject matter, and purpose. In re Ruff's Estate, 32 So.2d 840, 843 (Fla. 1947).
In summary, then, unless and until legislatively or judicially determined otherwise, I conclude that a municipality which elects to proceed under the provisions of Part II of Ch. 163, F.S., may not utilize a single planning and zoning board to act as a planning commission and a board of adjustment, inasmuch as the statutory scheme of Part II of Ch. 163 reflects the legislative intent to divide the planning and zoning functions and the zoning appeals' processes, and assigns the broad planning function to a commission established pursuant to s 163.180, F.S., while reserving the zoning appeals' process with respect to application of the zoning ordinance enacted pursuant to the comprehensive plan and process for granting special exceptions and variances therefrom with respect to individual parcels and property owners to a board of adjustment created pursuant to s 163.220, F.S., and insofar as the cited statutory enabling provisions are in some respects mutually exclusive.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General