Mr. Jeffrey D. DeBoer Building Director Division of Community Development Building Department 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Mr. DeBoer:
You have asked my opinion on substantially the following question:
 Is Charlotte County authorized to require water conditioning service operators to be licensed as plumbers or to otherwise regulate such operators?
In sum, I am of the opinion that:
 Pursuant to s. 489.103(15), F.S., a county is prohibited from requiring that water service operators be licensed, certified or registered as plumbers or otherwise imposing other requirements which would prevent the installation and maintenance of such units by a water conditioning services operator.
This office has previously advised Charlotte County that the county was prohibited from requiring by ordinance that a water conditioning service operator be licensed, certified, or registered as a plumber pursuant to Ch. 489, F.S., or otherwise imposing other requirements which would prevent the installation and maintenance of such units by an operator.[1] This conclusion was based upon a consideration of s. 489.103(15), F.S., which provides that Ch. 489, F.S., regulating construction contractors in this state, does not apply to:
 The installation and maintenance of water conditioning units for domestic, commercial, or industrial purposes by operators of water conditioning services. No municipality or county may adopt an ordinance, rule, or regulation which requires such an operator to become licensed, certified, or registered as a plumber or which otherwise prevents the installation and maintenance of such water conditioning units by an operator. (e.s.)
The first sentence of subsection (15) merely exempts the installation and maintenance of certain water conditioning units from the regulatory provisions of Part I, Ch. 489, F.S.[2] The second sentence, however, exempts water conditioning operators from local regulation.
The intent of the Legislature not only to provide an exemption from the provisions of Part I, Ch. 489, F.S., but to prohibit local governmental entities from regulating the operators of these services is reflected in the title of its enabling legislation.[3]
The title to Ch. 84-160, Laws of Florida, which added subsection (15) to s. 489.103, F.S., provides that it is "[a]n act relating to contracting; . . . exempting the installation and maintenance of certain water conditioning units from provisions regulating contracting; prohibiting political subdivisions from regulating operators of water conditioning services. . . ." (e.s.)
While noncharter counties possess certain home rule powers,[4]
they may not act in conflict with general or special law.[5] To the extent that any county ordinance or regulation conflicts or is inconsistent with a provision of state law, the ordinance or regulation must fail.[6] Based upon the above, this office concluded in AGO 85-1 that to the extent that any county or municipality attempts to regulate, by ordinance or otherwise, water conditioning service operators in a manner which conflicts with or is inconsistent with s. 489.103(15), F.S., such regulation would be invalid.
Since its enactment in 1984,[7] subsection (15) of s. 489.103, F.S., has not been amended. Nor am I aware of any subsequent judicial decisions which would alter the conclusions reached by this office in AGO 85-1.
Accordingly, I continue to be of the opinion that s. 489.013(15), F.S., prohibits Charlotte County from requiring by ordinance that a water conditioning service operator become licensed, certified or registered as a plumber or imposing other requirements which would prevent the installation and maintenance of such units by an operator. However, in light of the problems you indicate that Charlotte County is experiencing with regard to the regulation of water conditioning service operators, you may wish to consider contacting your legislative delegation regarding the possible amendment of the statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Attorney General Opinion 85-1.
[2] Part I, Ch. 489, F.S., regulates the construction contracting in this state. Cf., AGO 83-4 concluding that an exemption in s.489.103, F.S., for certain property owners from the operation and licensing requirements of Part I, Ch. 489, F.S., is not an exemption for such persons from local competency examination requirements.
[3] See, Parker v. State, 406 So.2d 1089 (Fla. 1981) (one indicator of the Legislature's intent is the title of the law enacting the statute); Finn v. Finn, 312 So.2d 726 (Fla. 1975) (title of act is not part of basic act but has function of defining scope of act).
[4] See, s. 1(f), Art. VIII, State Const., and s. 125.01, F.S. And see, Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), concluding that noncharter counties have home rule power to carry on county government unless the Legislature has preempted a particular subject.
[5] See, s. 1(f), Art. VIII, State Const., which provides that the board of county commissioners of a noncharter county may enact county ordinances "not inconsistent with general or special law"; and s. 125.01, F.S., stating that the legislative and governing body of a county is empowered to carry on county government as described in Ch. 125, F.S., to the extent not inconsistent with general or special law.
[6] See, Campbell v. Monroe County, 426 So.2d 1158 (3 D.C.A.Fla., 1983). Cf., City of Miami Beach v. Rocio Corporation,404 So.2d 1066 (3 D.C.A.Fla., 1981), petition for review denied,408 So.2d 1092 (Fla. 1981).
[7] Section 1, Ch. 84-160, Laws of Florida.