Dear Mr. Steinfield:
On behalf of the City of Margate, you substantially ask the following question:
 Does section 386.209, Florida Statutes, prohibit a municipality from regulating smoking in a public park?
Chapter 386, Florida Statutes, expresses the Legislature's intent to "protect people from the health hazards of second-hand tobacco smoke and to implement the Florida health initiative in s. 20, Art. X of the State Constitution."[1]
While the title of the act would presumably lead one to conclude that its provisions apply only to the regulation of smoking in indoor places, the title of an act is but one indicator of the Legislature's intent that may be used to define the scope of the act.[2] In this instance, the Legislature has provided a much broader application of the act in section386.209, Florida Statutes, regulating both indoor and outdoor smoking:
 "Regulation of smoking preempted to state. — This part expressly preempts regulation of smoking to the state and supersedes any municipal or county ordinance on the subject."
The plain language of this preemptory provision makes it clear that the Legislature has directed that the state, not local governments, regulates smoking wherever it may occur. As further evidence that the Legislature intended to regulate smoking beyond indoor areas, the act contains a provision that makes it unlawful for any person under the age of 18 to smoke tobacco "in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. and midnight."[3]
By its clearly stated preemption in this area, the Legislature has set forth Part II, Chapter 386, Florida Statutes, as the means to regulate smoking inside and outside a public place. It would appear, therefore, that a city's attempt to regulate smoking by ordinance in any way other than that prescribed by the Legislature would be preempted and of no effect.[4]
Sincerely,
 Charlie Crist Attorney General
CC/tls
[1] Section 386.202, Fla. Stat. Part II, Chapter 386, Fla. Stat., is entitled the "Florida Clean Indoor Air Act."
[2] See Finn v. Finn, 312 So. 2d 726 (Fla. 1975); State v. Parker,406 So. 2d 1089 (Fla. 1981) (one indicator of Legislature's intent is the title of the law enacting the statute); and Op. Att'y Gen. Fla. 99-67 (1999).
[3] Section 386.212(1), Fla. Stat. Examples of where state agencies have adopted rules regulating smoking outdoors are in Rule65C-22.002(1)(g), Fla. Admin. Code, prohibiting smoking "within the child care facility [and] all outdoor play areas" and Rule 33-601.721(7), Fla. Admin. Code, governing correctional facility visitation operations, stating that "[s]moking shall be permitted only in an outdoor smoking area designated by the warden."
[4] See Inf. Op. Att'y Gen., Mr. Mark Goldstein, July 26, 2002. Seealso Op. Att'y Gen. Fla. 92-89 (1992) (Legislature's express preemption of regulation of smoking to state, with enforcement of Florida Clean Indoor Air Act assigned to Department of Health and Rehabilitative Services or the Division of Hotels and Restaurants of the Department of Business Regulation, precludes local regulation and enforcement outside the provisions of the act).