Dear Mr. Harris
On behalf of The School District of Palm Beach County, you ask substantially the following question:
Does Florida's Clean Indoor Air Act preclude the school district from adopting a tobacco-free campus policy which would prohibit smoking outdoors on school grounds?
In sum:
Florida's Clean Indoor Air Act preempts the regulation of smoking to the state and, absent legislative authorization, would preclude the school district from otherwise regulating smoking on school property.
Part II, Chapter 386, Florida Statutes, "Florida's Clean Indoor Air Act" (act) expresses the Legislature's intent to "protect people from the health hazards of second-hand tobacco smoke and to implement the Florida health initiative in s. 20, Art. X of the State Constitution."[1] While reliance upon the title of the act could lead to the conclusion that the act's provisions apply only to the regulation of smoking in indoor places, the title of an act is not the only indicator of the Legislature's intent that may be used to define the scope of the act.[2] In this instance, for purposes of regulating smoking, the Legislature has provided a much broader application of the act to regulate both indoor and outdoor smoking. The Legislature has preempted the field of smoking regulation and has clearly expressed its intent in section 386.209, Florida Statutes:
"Regulation of smoking preempted to state. — This part expressly preempts regulation of smoking to the state and supersedes any municipal or county ordinance on the subject."
The plain language of this preemptory provision makes it clear that the Legislature has directed that the state, not local governments, regulates smoking wherever it may occur. As further evidence that the Legislature intended to regulate smoking beyond indoor areas, the act contains a provision that makes it unlawful for any person under the age of 18 to smoke tobacco "in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. and midnight."[3]
This office has concluded that the Legislature's clearly stated preemption in this area, makes Part II, Chapter 386, Florida Statutes, the exclusive means to regulate smoking inside and outside a public place, thereby precluding local regulation and enforcement outside the provisions of the act.[4]
You assert that school districts, having been granted home rule powers in the Constitution, may overcome the preemption provisions of the act in that there is no express legislative enactment prohibiting a school district from regulating smoking on its campuses. On several occasions, this office has recognized the home rule authority of school boards.[5] In Attorney General Opinion 86-45, this office discussed the variant of home rule power conferred on school boards and stated that "it has been the position of this office that the 1983 amendment (now section 1001.32(2), Florida Statutes) conferred on school boards a variant of `home-rule power,' and that a district school board may exercise any power for school purposes in the operation, control, and supervision of the free public schools in its district except as expressly prohibited by the State Constitution or general law."
While it would appear that there is no express prohibition in the State Constitution or under general law directed toward a school district's regulation of smoking, the fact remains that the Legislature has expressly preempted the field of smoking regulation. Moreover, the act addresses the regulation of smoking by any person under the age of 18 "in, on, or within 1,000 feet of the real property comprising a public or private elementary, middle, or secondary school between the hours of 6 a.m. and midnight." Clearly, the Legislature has expressed its intent to preempt the regulation of smoking in any public place in the state and has specifically addressed smoking on school property.[6]
The "home-rule" power granted to district school boards has been analogized to the grant of home rule powers to municipalities for purposes of analyzing the powers, duties, and functions of district school boards.[7] In Attorney General Opinion 83-72, it was concluded that the rules of law applicable to the exercise of municipal home rule powers may well be analogous and applicable to the exercise of a power by a district school board. Thus, as was established in City of MiamiBeach v. Rocio Corporation:
"The principle that a municipal ordinance is inferior to state law remains undisturbed. Although legislation may be concurrent, enacted by both state and local governments in areas not preempted by the state, concurrent legislation enacted by municipalities may not conflict with state law. If conflict arises, state law prevails. An ordinance which supplements a statute's restriction of rights may coexist with that statute, whereas an ordinance which countermands rights provided by statute must fail.[8]
The Attorney General Opinion concluded that a district school board may exercise any power for school purposes except as expressly prohibited by the State Constitution or general law; however, in the case of a direct conflict between a state statute and a rule, policy or other form of legislative action taken by a district school board, the state statute would prevail. Given the clear preemption of the area of smoking regulation to the state and the specific statutory language addressing smoking on school property, it does not appear that the Legislature has contemplated that a school board's home rule powers may be exercised to regulate smoking on school property in a manner other than is prescribed in the act.
I am supportive of the school district's efforts to ensure the health and safety of school children by investigating ways in which to have tobacco-free campuses. However, in light of the discussion above, I am constrained to conclude that under the current statutory restrictions, legislative authorization would be required in order for the school district to implement such a policy.
Accordingly, it is my opinion that a school district is precluded from regulating smoking on school property other than as is prescribed in the "Florida Clean Indoor Air Act."
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] Section 386.202, Fla. Stat. Part II, Chapter 386, Fla. Stat., is entitled the "Florida Clean Indoor Air Act." Section 20, Art. X, Fla. Const., provides for workplaces without tobacco smoke and directs the Legislature to adopt implementing legislation, but specifically stating that "[n]othing herein shall preclude the Legislature from enacting any law constituting or allowing a more restrictive regulation of tobacco smoking than is provided in this section."
[2] See Finn v. Finn, 312 So. 2d 726 (Fla. 1975);Parker v. State, 406 So. 2d 1089 (Fla. 1981) (one indicator of Legislature's intent is the title of the law enacting the statute); and Op. Att'y Gen. Fla. 99-67 (1999).
[3] Section 386.212(1), Fla. Stat. Examples of where state agencies have adopted rules regulating smoking outdoors are in Rule 65C-22.002(1)(i), Fla. Admin. Code, prohibiting smoking "within the child care facility [and] all outdoor areas" and Rule 33-601.721(7), Fla. Admin. Code, governing correctional facility visitation operations, stating that "[s]moking shall be permitted only in an outdoor smoking area designated by the warden."See also s. 944.115(5), Fla. Stat., authorizing the Department of Corrections to adopt rules and the private vendors operating correctional facilities to adopt policies and procedures for the implementation of the act, the designation of prohibited areas and smoking areas, and for the imposition of penalties for violation of such rules, policies, and procedures.
[4] See Op. Att'y Gen. Fla. 2005-63 (municipality preempted from regulating smoking in a public park other than as prescribed by the Legislature). See also Inf. Op. Att'y Gen. to Mr. Mark Goldstein, dated July 26, 2002, and Op. Att'y Gen. Fla. 92-89 (1992) (Legislature's express preemption of regulation of smoking to state, with enforcement of Florida Clean Indoor Air Act assigned to Department of Health and Rehabilitative Services or the Division of Hotels and Restaurants of the Department of Business Regulation, precludes local regulation and enforcement outside the provisions of the act).
[5] See Ops. Att'y Gen. Fla. 86-45 (1986), 84-95 (1984), and 84-58 (1984).
[6] Cf. Op. Att'y Gen. Fla. 89-07 (1989), in which this office concluded that the Florida Clean Indoor Air Act does not require a school district to designate smoking areas, based upon then existing language in s. 386.202, Fla. Stat. ("This act shall not be interpreted to require the designation of smoking areas."). Section 2, Ch. 2003-398, Laws of Fla., deleted this language from the statute.
[7] See Op. Att'y Gen. Fla. 83-72 (1983) (comparing the grant of municipal home rule powers to "exercise any power for municipal purposes except when expressly prohibited by law" to the language in school boards the authority to "exercise any power except as expressly prohibited by the State Constitution or general law").
[8] 404 So. 2d 1066, 1070 (Fla. 3d DCA 1981), petition forreview denied, 408 So. 2d 1092 (Fla. 1981).