PER CURIAM.
The circuit court sitting as an appellate court reversed an order of the Criminal Court of Record that quashed a search warrant which the state attempted to use against the defendant in a trial wherein he was charged with possession of lottery tickets.
Defendant has filed a petition for a writ of certiorari in this court seeking review of that order from the circuit court which reversed the Criminal Court of Record.
The point on appeal before the circuit court was the validity vel non of the search warrant issued in the cause against the defendant. The search warrant commanded the appropriate police officers to search a building located in Dade County, as well as
“The person or all persons therein who shall be connected with; or suspected of being connected with the operating or maintaining of said gaming or gambling games, devices, equipment, paraphernalia and all other things, including money or prizes used in connection with such gaming or gambling games, and if the same, or any part thereof, shall be found upon said search, you are to bring said goods or property so found, and also the body of all persons found therein, connected with said gambling or gaming before a court of competent jurisdiction to be dealt with according to law.”
*56 The question for our determination is: “Did the circuit court sitting as an appellate court depart from the essential requirements of law in holding that the search warrant was lawful?”
The question presented here was ruled upon by this court in the recent case of the State of Florida v. Cook, Fla.App. 1968, 213 So.2d 18, filed July 30, 1968. In the Cook case, we approved the legality of similarly worded search warrant. We are of the opinion that Cook is controlling in the instant case, and therefore, the petition for a writ of certiorari is denied.