522 So.2d 550 (1988)
Lesley BASTIEN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-552.
District Court of Appeal of Florida, Fifth District.
March 31, 1988.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
*551 COWART, Judge.
Lesley Bastien appeals an order denying his motion to suppress evidence. Based upon approximately forty purchases of "rock" cocaine by confidential informants at the Heat Wave Bar in Reddick, Marion County, Florida, arrest warrants were obtained for nineteen black males. In order to serve these warrants, a SWAT team, comprised of numerous two-man squads, was organized. Each member of the SWAT team was clothed in camouflage uniforms and instructed to detain all persons in the bar's parking lot for "warrant identification."
Upon receiving a confidential tip that several of the persons for whom arrest warrants had been obtained were present in and around the bar, the SWAT team members converged on the area, shouting "Sheriff's Department, freeze!" Numerous persons began to flee, including Bastien. As he fled, two members of the SWAT team grabbed Bastien's arms, told him to stop, and asked him his name. The officers then "took him to the ground.[1]" As they did, the officers observed two concealed pistols protruding from the back of Bastien's waistband. After the weapons were seized, the officers discovered a film canister containing rock cocaine and some cash in Bastien's possession. No warrant had been obtained for the arrest or search of Bastien.
Bastien pled nolo contendere to one count of possession of cocaine while armed and two counts of carrying a concealed firearm, reserving his right to appeal the order denying his motion to suppress. The state stipulated that the evidence seized was essential to its proof and that the suppression question therefore was dispositive of the case. We reverse.
The admissibility of the cocaine and weapons in this case turns on whether the warrantless stop and forcible detention of Bastien was legally justified and permissible under the "stop and frisk" law, section 901.151, Florida Statutes. To justify such a stop and detention, a law enforcement officer must have a "founded suspicion" based upon factual observations in light of his knowledge and experience that the person has committed, is committing, or is about to commit a crime. § 901.151, Fla. Stat.; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). As the Florida Supreme Court has noted, the officer's assessment of the totality of the circumstances "must raise a suspicion that the particular individual being stopped is engaged in wrongdoing." Tamer v. State, 484 So.2d 583 (Fla. 1986) (quoting United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981)). A "mere suspicion" or "hunch" is not enough.
In the present case, the detaining officers testified at the suppression hearing that they saw nothing suspicious or criminal about Bastien other than the fact he was running. One officer stated that he detained Bastien simply because he was the nearest person to him. Notwithstanding the implication of ancient precedent,[2] running (flight) alone does not justify a belief that an individual is engaged in criminal activity; nor will it justify an investigatory stop. See Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987) and cases cited therein. Nor is the bar's location in a "high crime area" a sufficient basis upon which to justify a Terry stop. Id. at 699-700. See also Walker v. State, 514 So.2d 1149 (Fla. 2d DCA 1987); Bartlett v. State, 508 So.2d 567 (Fla. 2d DCA 1987). Finally, the fact that the SWAT team members were attempting to serve arrest warrants on some of the patrons at the bar, either considered alone or combined with Bastien's attempted flight and the location of the bar in a high crime area, can not justify the officers' actions.[3]
*552 We hold that the stop, detention, and search of Bastien was improper under Terry, its progeny, and section 901.151, Florida Statutes. The evidence of the cocaine and weapons should have been suppressed. Because the suppression question was stipulated to be dispositive of the case, Bastien's convictions are reversed and remanded with instructions to discharge Bastien as to these offenses.
REVERSED; REMANDED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] One SWAT team member testified that they were generally putting everyone "on the ground" for identification.
[2] "The wicked flee when no man pursueth; but the righteous are bold as a lion." Proverbs 28:1.
[3] This case is distinguishable from cases in which a search (not arrest) warrant is involved, such as Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984). There, the defendant contended his search was improper because it had been conducted a few feet from the steps leading to his apartment. The district court rejected this argument, reasoning that the search warrant expressly authorized a search of the premises, the yard and curtilage, any vehicle parked therein, and "any person on said premises reasonably believed to be engaged in or connected with said illegal activity." Id. at 511. Similarly, in State v. Haugee, 402 So.2d 1216 (Fla. 5th DCA 1981), rev. denied, 415 So.2d 1360 (Fla. 1982), this court affirmed the search of a vehicle on the curtilage of a dwelling where the warrant authorized a search of the dwelling "together with the yard and curtilage thereof, any and all outbuildings and vehicles thereon," notwithstanding that none of the occupants of the dwelling owned the vehicle.