528 So.2d 427 (1988)
John Michael JULIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2604.
District Court of Appeal of Florida, Second District.
June 15, 1988.
Rehearing Denied July 18, 1988.
*428 Dan Phillip Brawley, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, John Michael Julian, challenges the trial court's order withholding adjudication of guilt and placing him on probation. Because the trial court erred in denying the appellant's pretrial motion to suppress evidence, we reverse.
On February 17, 1987, Officer James Allen of the Winter Haven Police Department applied for a warrant to search a private dwelling. Officer Allen indicated on the application that "[t]he law relating to narcotics or drug abuse is being violated therein" and that "[e]vidence relevant to proving that a felony has been committed is contained therein." He also listed "John Doe (Unknown)" as the occupant of that dwelling. Attached to the application were: (1) a description of the property to be seized, (2) a description of the place to be searched, and (3) a probable cause affidavit.
Officer Allen's probable cause affidavit indicated that during the previous ten day period, two reliable confidential informants had each successfully made controlled purchases of cocaine inside the subject dwelling, which was described as a mobile home located at 2407 Third Street Northeast, Winter Haven, Florida. The affidavit does not identify by name or physically describe any individual suspected of being involved in the alleged cocaine sales and does not describe any suspected illegal activity on the property surrounding the mobile home.
Officer Allen submitted the above described application, descriptions, and affidavit to a county judge who in turn issued a search warrant. The search warrant contained "boiler plate" language stating that the warrant application described the "person, place, places, thing or things to be searched" and authorizing the named law enforcement officers:
1. to search the afore-described (person) (thing) [, and]
2. to enter and search the afore-described place and premises together with the yard and curtilage thereof, ... and any person thereon reasonably believed to be connected with said illegal activity.

(Emphasis added.)
Having obtained the search warrant, Officer Allen proceeded to conduct a search on the following day. Before arriving at the subject premises, however, he and the other police officers involved formulated a plan to detain and search any persons standing in the yard outside the mobile home. This plan also called for a simultaneous search of the interior of the mobile home.
*429 When the police arrived at the subject premises, the appellant and several other persons were standing in the yard. Although these individuals were not acting in a suspicious manner, they were not free to leave until they were searched. The search of the appellant's person resulted in the seizure of approximately eight grams of cocaine rock contained in a "zip lock baggie," a package of rolling papers, and $3,433 in cash. The search of the mobile home, on the other hand, revealed no contraband.
The appellant was charged with possession of cocaine in violation of section 893.13, Florida Statutes (1985), and he entered a plea of not guilty. The appellant subsequently filed a motion to suppress evidence alleging that he was searched in violation of his rights under the Fourth Amendment to the United States Constitution. At the hearing on the motion, Officer Allen testified that the appellant was a resident of the mobile home in question, but the record is unclear as to whether this information had been obtained before or after the appellant was searched. The trial court denied the motion to suppress, and the case proceeded to nonjury trial.
At trial, defense counsel renewed the motion to suppress, but it was again denied. The trial court found the appellant guilty as charged, withheld adjudication of guilt, and placed him on probation for a period of three years.
In this timely appeal, the appellant correctly contends that the trial court erred in denying his motion to suppress the evidence seized from his person. Since we find that the police exceeded the authority granted by the search warrant, we need not determine whether the warrant itself was invalid.
Although the search warrant involved in this case authorized the police to search any person on the premises who was reasonably believed to be connected with the suspected illegal activity, the police lacked such a reasonable belief before searching the appellant. While Officer Allen testified at the suppression hearing that the appellant was searched as part of the plan to search everyone in the yard, he failed to articulate any reason to believe that the appellant or anyone else found within the curtilage of the mobile home was armed or involved with the illegal activity suspected to be present inside the mobile home. In fact, Officer Allen testified that no one in the yard was observed to be engaging in any criminal activity. Thus, the search of the appellant was only based upon the predetermined plan of the police to search anyone present in the yard. The appellant's mere presence within the curtilage of the mobile home, however, could not supply the reasonable connection to suspected narcotics activity which the terms of the warrant required as a predicate to his being searched. See Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), rehearing denied, 444 U.S. 1049, 100 S.Ct. 741, 62 L.Ed.2d 737 (1980); State v. Lambert, 238 Kan. 444, 710 P.2d 693 (1985). See also, Samuel v. State, 222 So.2d 3 (Fla. 1969) (person within described premises may be searched if he is reasonably suspected of being involved in the described illegal activity).
In addition, Officer Allen's testimony that the appellant resided at the mobile home is irrelevant because it is unclear as to when the police obtained this information. Even if we assume that the police learned that the appellant lived at the mobile home before they detained him, a search of his person would not have been permitted until contraband had actually been found within the mobile home. See Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Since the search of the mobile home revealed no contraband, no illegal activity could be reasonably connected to the appellant. The express terms of the search warrant, however, required such a reasonable connection as a condition to searching a person found upon the premises.
Because the officer's search of the appellant exceeded the authority granted by the search warrant, the evidence seized pursuant to that unauthorized search should have been suppressed absent competent evidence indicating that it was obtained pursuant *430 to a valid "stop and frisk" or "search incident to lawful arrest." See §§ 901.151, 901.21, Fla. Stat. (1985). The record in this case, however, does not reveal that such a lawfully permitted search occurred.
In arguing that the appellant's motion to suppress was properly denied, the state relies upon Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984). We find this reliance to be misplaced. Although the search warrant in this case was similar to the one utilized in Zaner, the search of the defendant in that case was ultimately justified as a protective stop and frisk because the officer had a reasonable belief that the defendant was armed. Zaner at 511. The record in this case cannot sustain such a finding. See § 901.151. To the extent that Zaner can be interpreted to elevate the terms of the warrant utilized in this case to have authorized the police to "round up" anyone present within the curtilage of the described premises and search them based upon their mere presence, we find that such an interpretation is contrary to the holdings in Ybarra, Summers, and Samuel.
For the foregoing reasons, we hold that the appellant was searched in violation of his constitutional rights and that, therefore, the evidence derived from that search should have been suppressed. We, accordingly, reverse the trial court's order withholding adjudication of guilt and placing the appellant on probation, and remand for further proceedings consistent with this opinion. In light of this disposition, the appellant's second point on appeal has been rendered moot and, therefore, need not be addressed.
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and PARKER, JJ., concur.