SCHWARTZ, Chief Judge.
After serving a search warrant at a house in which a marijuana sales operation was being conducted, the police took the place of the private entrepreneurs and continued in their occupation of selling cannabis at an open window. About an hour after this began, Robinson approached the front door of the house, conversed briefly with one of the officers inside[1] and turned around and began to leave. At that point he was approached by two other officers who were maintaining surveillance outside. Without his permission, they frisked him and found a firearm in his waistband concealed by his shirt. He moved to suppress the gun in this ensuing prosecution for carrying a concealed firearm. After the motion was denied, he pled nolo contendere reserving the right to this challenge of that ruling. We reverse.
It is clear, indeed the state concedes,[2] that a Terry v. Ohio[3] investigative stop provides the only possible justification for Robinson’s detention. Even assuming ar-guendo the highly debatable point that the stop was supported, as required, by a founded suspicion that the defendant was engaged in criminal activity, Terry does not authorize the touching of the defendant’s person which revealed the firearm. The police had no reason whatever to believe that Robinson was, as in State v. Ruiz, 526 So.2d 170 (Fla. 3d DCA 1988), and State v. Lewis, 518 So.2d 406 (Fla. 3d DCA 1988), engaged in the narcotics trade [4] nor was there any other independent indication that he was armed or dangerous. Hence, the pat down was unjustified. Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968);[5] Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988). Since there was thus no constitutional basis for the frisk which yielded the firearm, it should have been suppressed. See Bastien v. State, 522 So.2d at 550.
The judgment under review is therefore reversed and remanded with directions to discharge the defendant.

. The officer did not testify at the motion to suppress hearing.

. The state properly agrees that the search cannot be justified as ancillary to the search warrant which was earlier executed. See Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988).

. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. The officers purportedly relied on a report that someone was going to visit the house to deliver a pound of marijuana. In the absence of any indication of the reliability of the report or that Robinson was the vendor in question, the policemen had no founded basis to think that he was involved. (As a matter of perhaps irrelevant interest, a search of Robinson and his car revealed no contraband.) In these circumstances, we need not decide if the Ruiz-Lewis rule concerning the right to search for weapons as to a narcotics suspect extends to someone thought merely to be a relatively small dealer or user of cannabis.

. Our evaluation of the proper balance that has to be struck in this type of case leads us to conclude that there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he had probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.
392 U.S. at 27, 88 S.Ct. at 1883, 20 L.Ed.2d at 909.