GOSHORN, Judge.
Danny Taylor appeals the denial of his motion to suppress evidence. Testimony at *888 the hearing disclosed that four Orlando police officers, dressed in plain clothes and cruising in an unmarked car, went to Orange Center Boulevard. This was an area described as known for its street level drug transactions. While in the car, one officer observed a drug transaction. He testified there were about 20 people at the site. As the officers approached in an attempt to investigate and identify individuals, they were recognized and the crowd dispersed.
The officers left the area but returned approximately one hour later. At that time a group of 15-20 people were gathered at each corner of the building. The officers observed no illegal activity, however as they exited their vehicle, one officer saw an individual break from the crowd and begin to run.
The individual, later identified as the defendant Taylor, was pursued for about three blocks before being subdued. The officer testified that the fact that Taylor ran made him “quite suspicious”. Taylor was arrested and a search incident to that arrest resulted in the discovery of a baggy containing a white residue, which later proved to be cocaine.
Taylor was chárged with possession of cocaine and resisting an officer without violence. After the denial of his motion to suppress, Taylor entered pleas of nolo con-tendere to both counts, reserving his right to appeal.
This court has held that running from the police even in a high crime area cannot alone justify a Terry[1] Stop. Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988). However, the State urges that the police had the right to detain the crowd to investigate and determine if any individual in that crowd was involved in criminal activity. We reject this contention outright. Clearly, if the circumstances do not justify the detention of a single individual, those same circumstances do not justify detention of numerous individuals in an effort to determine who, if anyone, might be involved in any unobserved criminal activity.[2]
The detention and subsequent arrest not being lawful, it follows that Taylor could not be guilty of resisting arrest without violence.
REVERSED AND REMANDED with directions to discharge the defendant.
COWART and DANIEL, JJ., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. There was no evidence that the criminal activity observed one hour before was continuing, or even that the individuals present at that time were present in the crowd at the time of Taylor’s arrest.