WOLF, Judge.
Charles Knight appeals a judgment and sentence for possession of cocaine. Appellant entered a plea of no contest expressly reserving the right to appeal the trial court’s order denying his motion to suppress evidence discovered during a search of the appellant’s person. The trial judge upheld the search on the basis that the search by the police officer was in accordance with a search warrant which authorized the police officers to search not only the premises in question but also “all persons therein who shall be participating in said criminal activity.” We find the search of the appellant was not authorized by the warrant, and reverse.
The police obtained a search warrant for a Leon County residence. The warrant was obtained as a result of information provided by a confidential informant who revealed that a drug dealer kept a supply of crack cocaine to sell at his residence, he allowed people to smoke crack at the house, and he received shipments twice a week to supply customers who came to the house and salesmen on the street.
Pursuant to the warrant, the police performed a search which yielded warm crack cans, crack pipes, and other drug paraphernalia, as well as weapons and some cannabis.
The search was almost complete when appellant walked in the front door. In response to a request to be searched, the appellant put up his hands. The appellant was searched, and cocaine was found in his pocket.
No evidence was presented which established whether appellant had any prior connection with the residence or knew prior to entering the residence what activities were taking place inside.
*9 The sole issue to be addressed is whether the appellant, as a result of entering the house where the search warrant was being executed, can reasonably be suspected of participating in the criminal activity which was identified in the search warrant; selling or possessing cocaine.
The trial court relied on Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981), in upholding the search. In that case, the court upheld the search of an owner of a residence after contraband had been found on his property.
A search of a visitor in a house where a search warrant was being executed has also been upheld where “[h]e was standing next to a kitchen counter on which a quantity of cocaine was in plain view; nearby also was a butane torch commonly used in the preparation of crack.” Harper v. State, 532 So.2d 1091, 1092 (Fla. 3rd DCA 1988), rev. denied, 541 So.2d 1172 (Fla.1989). The court found that the search was properly based “founded upon a suspicion of criminal activity arising from his proximity to the drugs and paraphernalia contained in the crack house.” Id. at 1093.
In the instant case, the appellant was not the owner of the premises as in Michigan, and there was no evidence of his criminal involvement or knowledge of the criminal activity such as in Harper. The mere fact that the defendant entered the premises while a search warrant was being executed is insufficient to establish reasonable suspicion of participation in criminal activity. Julian v. State, 528 So.2d 427 (Fla. 2nd DCA 1988); Miller v. State, 516 So.2d 1118 (Fla. 1st DCA 1987). Absent such evidence, we must reverse.
Reversed and remanded with directions to suppress the evidence and dismiss the charges.
WIGGINTON and BARFIELD, JJ., concur.