PER CURIAM.
The state appeals an order suppressing drugs and drug paraphernalia that law enforcement officers found inside Becky Crawford’s billfold. Crawford happened to be visiting a friend’s house when sheriff’s deputies executed a search warrant for the premises. The deputies patted her down for weapons, and when they pulled a hard object from her pocket a bag of marijuana came out with it. The deputies then searched her purse and the billfold inside it, finding crystal methamphetamine and drug paraphernalia inside the billfold. They arrested her, and the state charged her with possessing marijuana, crystal methamphetamine, and drug paraphernalia.
*860 Claiming that the search was illegal, Crawford moved to suppress these items. The trial court found that the marijuana was lawfully found during the pat-down search, but that the search of Crawford’s billfold was illegal. It therefore denied the motion as to the marijuana but granted it as to the crystal methamphetine and drug paraphernalia. The state appealed the order of suppression.
We conclude that the trial court erred in suppressing the items in the billfold. When the deputies discovered the marijuana, they had probable cause to arrest Crawford. . Once they had probable cause to arrest her, they could search her person and her purse incident to that arrest. See State v. Boulia, 522 So.2d 528 (Fla. 2d DCA 1988). The billfold inside the purse was within the scope of the authority to search. See United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Stone v. State, 547 So.2d 158 (Fla. 4th DCA 1989) (en banc); 2 W. LaFave, Search and Seizure §§ 5.2(a)-(c).
Reversed.
DANAHY, A.C.J., and FRANK and PATTERSON, JJ., concur.