581 So.2d 1003 (1991)
Alvin E. SMALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02533.
District Court of Appeal of Florida, Second District.
July 3, 1991.
James Marion Moorman, Public Defender, and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Acting Chief Judge.
We reverse defendant's conviction for possession of cocaine and the denial of his motion to suppress cocaine found in a matchbox during a search of his pocket.
Defendant was a patron at a pool hall for which a warrant had been issued to search for cocaine and certain currency, the warrant having been based upon information that the pool hall owner had been involved in drug transactions from his residence which was attached to the pool hall. Upon executing the warrant, the officers ordered the twenty to thirty-five persons present, including defendant, onto the floor face down and handcuffed them, except for the owner and a woman sitting with the owner. Upon feeling a small matchbox in defendant's pocket during a patdown of him and apparently rattling the box while it was in the pocket, an officer searched defendant, removed the box, and discovered crack cocaine in it. The officer testified,
again looking toward officer safety, I noticed in his pants pocket, left front pants pocket, there was a box, which I rattled. And based on my experience in narcotics, this indicated to me that it was the type that is  I have seen used before; a small matchbox in this case. Removed it from his pocket and it contained three rocks of what tested positive as crack cocaine.
The officer did not testify that before he removed the box he believed it contained cocaine. In view of the constitutional proscription against unlawful searches, we are constrained from speculating from the officer's testimony that he had had such a belief. In any event, even if his testimony were to be construed as indicating that *1004 before removing the box from defendant's pocket he suspected that it contained cocaine, that suspicion would have arisen not from the patdown but from rattling the box which was an impermissible search. See Henderson v. State, 535 So.2d 659 (Fla. 3d DCA 1988). Nor did the officer testify that he suspected defendant was armed. Thus, since the search was unlawful because it was not shown to have been with probable cause, we need not decide whether the initial detention of defendant and the patdown were justified. See Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989); Meeks v. State, 356 So.2d 45 (Fla. 2d DCA), cert. denied 364 So.2d 892 (1978).
We recognize that the search warrant authorized a search of persons present on the premises upon a reasonable belief by the officers that those persons were connected with illegal drug activity. However, the only showing of any connection between defendant and the pool hall owner's suspected illegal activity came from the search of defendant which was unlawful as explained above. Otherwise the record shows no more than defendant's presence on the premises as a patron. The existence of the warrant did not remove the necessity for a showing of probable cause to search defendant.
If the magistrate issues a search warrant which does not authorize search of all persons in the described premises, but rather all persons therein who are found to be connected with the criminal activity, then quite obviously the magistrate has left to the executing officers the problem of selecting the persons to be searched on the basis of the information they then may have. This is even more obviously the case when the warrant permits search of all persons participating in the criminal activity without regard to their location. As one court has put it, such provisions "are no more than a directive to the police to perform duties that they should perform in the absence of any command in the warrant to that effect." Thus, the inclusion of such a command in a search warrant does not invalidate it, but any personal searches which are subsequently made cannot be upheld on the ground that they were based upon a prior probable cause determination by a magistrate. Rather, the question is whether the police themselves at the time of the search had the requisite probable cause.
2 W. LaFave, Search and Seizure § 4.5(e) (1987). See also Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988).
Reversed and remanded for the direction to enter a judgment of acquittal.
PARKER and PATTERSON, JJ., concur.