583 So.2d 790 (1991)
Daniel BERGERON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02295.
District Court of Appeal of Florida, Second District.
August 9, 1991.
Susan Hartmann, Bradenton, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Daniel Bergeron pleaded no contest to possession of cocaine, marijuana, and a controlled substance, reserving his right to appeal the trial court's denial of his motion to suppress the seized drugs. The trial judge withheld adjudication and placed Bergeron on probation. Bergeron appeals the order placing him on probation, arguing that the trial court should have granted his motion to suppress. We agree and reverse.
Sheriff's officers were executing a search warrant at a Sarasota County residence when a vehicle containing Bergeron drove into the driveway of the residence. The driver and Bergeron exited the vehicle and were walking toward the residence when stopped by perimeter officers. Officer Herlihy contacted the female driver and Officer Marquiss contacted Bergeron. *791 When Officer Marquiss asked for identification, he noticed Bergeron's pockets were bulging and conducted a protective patdown. Officer Marquiss testified he could not determine if a weapon was present; thus, he started pulling items from Bergeron's pockets, including marijuana, cocaine, Demerol tablets, and money. Officer Marquiss testified that he had no information that Bergeron had ever possessed or sold drugs. Furthermore, Officer Herlihy testified that he had no suspicions that Bergeron was connected with the unlawful activities that were the subject of the search warrant.
Bergeron filed a motion to suppress the marijuana, cocaine, and Demeral tablets. The trial court denied the motion to suppress, finding that the terms of the search warrant authorized the search of Bergeron. We disagree.
The magistrate issued the search warrant based upon an affidavit which provided that Susan Howes Kelly was suspected of conducting the sale of cocaine from her residence located at 2622 Parma Street and concealing the cocaine in a bathroom located in the rear of the residence. The search warrant provided in pertinent part:
WHEREAS, said facts so made known to me by such affidavit and oral examination, as set forth, have caused me to certify and find that there is probable cause to believe that the laws of the State of Florida relative to
Sale and Possession of Cocaine with intent to sell 893.13(1)(a)1 Trafficking in Cocaine 893.135
have been violated by SUSAN HOWES KELLY (W/F, DOB 08/27/44) and that evidence or fruits of the crime are located in the following described premises, to wit:
A single story structure located at 2622 Parma Street, Sarasota, Florida... .
... .
THEREFORE, these presents are to command you, with the proper and necessary assistance, either in the day time or in the night time, as the exigencies of the situation may demand or require, to enter the said premises described above, and diligently search said premises, and all parties found therein, as well as any vehicles situated on the premises or immediately adjacent thereto, and seize as evidence any of the following: Cocaine, Paraphernalia, telephone listings of coconspirators, any monitary [sic] gain obtained as a result of the Sale of Cocaine.
The search-all-persons-present warrant is unobjectionable if the evidence tendered to the issuing magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence of the criminal activity on his person. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). See also W. LaFave, Search and Seizure § 4.5(e) (2d ed. 1987). In Samuel v. State, 222 So.2d 3 (Fla. 1969), the supreme court stated that where there is probable cause to believe that certain premises are being used for an illegal purpose, it is reasonable and proper to search persons found on the premises when there are reasonable grounds to suspect that such persons are engaged in or connected with the unlawful activities that are the subject-matter of the search. Samuel, 222 So.2d at 5. The circumstances surrounding Bergeron's presence at this location, without more, do not support a finding of reasonable suspicion that Bergeron was engaged in unlawful activities. Mere presence cannot supply the reasonable connection to the illegal activity. See Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988). The search, therefore, was unauthorized by the search warrant.
Further, Bergeron was not located within the warrant's described premises. A literal reading of the warrant indicates that the officers were authorized to search all persons inside the structure located at 2622 Parma Street. The officer searched Bergeron while Bergeron was in the yard after he exited the car. Thus the search was unauthorized because he was not in the structure located at 2622 Parma Street, as set forth in the search warrant. This is not a situation where the issuing magistrate, based upon the affidavit, issued a *792 search warrant authorizing search of persons within the curtilage. Had the affidavit and warrant so stated, the result we reach may have been different. Cf. State v. Booream, 560 So.2d 1303 (Fla. 2d DCA 1990) (search warrant authorizing the search of the dwelling and curtilage and any buildings and vehicles thereon authorized the search of defendant's automobile parked on the driveway of the premises); State v. Musselwhite, 402 So.2d 1235 (Fla. 2d DCA), review dismissed, 408 So.2d 1094 (Fla. 1981) (search of automobile parked on driveway was authorized by search warrant permitting the search of vehicles on the curtilage of a described building).
The only alternative ground to affirm the trial court would be to conclude that the evidence was obtained pursuant to a valid "stop and frisk" or "search incident to lawful arrest." See Julian; see also §§ 901.151, 901.21, Fla. Stat. (1987). The trial judge, however, found, based on the testimony of the officer conducting the patdown and the trial judge's view of the items seized, that the officer could not have believed reasonably that Bergeron had a weapon. A trial court's credibility determinations will not be disturbed on appeal. Chesnut v. State, 404 So.2d 1064 (Fla. 1981).
Based on the foregoing, we reverse the order of the trial court which denied Bergeron's motion to suppress and direct the trial court to grant the motion.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.