LEHAN, Acting Chief Judge.
We affirm defendant’s convictions for possession of cocaine, marijuana and drug *367 paraphernalia and the denial of his motion to suppress a cocaine smoking device, on which was residue of an apparently illegal substance, and marijuana found during a search of defendant’s pocket.
Defendant was a patron at a pool hall for which a warrant had been issued to search for cocaine and currency, the warrant having been based upon information that the pool hall owner had been involved in drug transactions from his residence which was attached to the pool hall. Upon executing the warrant, the officers ordered the twenty to thirty-five persons present, including defendant, onto the floor face down and handcuffed them, except for the owner and a woman sitting with the owner. Upon feeling a small cylindrical object in defendant’s pocket during a patdown of him and believing, based upon his experience, that the object was a cocaine smoking device, an officer searched defendant, found what was, in fact, such a device, and saw on it a residue of what appeared to be, and was ultimately determined to be, an illegal substance. Marijuana was also found.
The search warrant, the validity of which is not questioned, authorized a search of persons present on the premises upon a reasonable belief by the officers that those persons were connected with the illegal drug activity. The patdown of defendant provided a proper basis for such a belief. Under the circumstances, which included information that there were armed persons on the premises, the patdown was constitutionally permissible, see State v. Crawford, 565 So.2d 859 (Fla. 2d DCA 1990), as was the temporary detention of defendant, see Wilson v. State, 547 So.2d 215, 216 (Fla. 4th DCA 1989).
Compare Smalls v. State, 581 So.2d 1003 (Fla. 2d DCA 1991) (a search warrant authorizing the search on particular premises of persons reasonably believed to be connected with the suspected illegal activity on the basis of which the warrant was issued did not justify the search of persons on the premises as to whom there was no proper basis for such a belief even if the temporary detention and patdown of such persons was justified); Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988) (a search warrant authorizing the search on particular premises of persons reasonably believed to be connected with the suspected illegal activity on the basis of which the warrant was issued did not justify the search of persons on the premises as to whom there was no basis for either such a belief or a belief that anyone on the premises was armed).
We also affirm the imposition of costs. See State v. Beasley, 580 So.2d 139, 142-43 (Fla.1991).
PARKER and PATTERSON, JJ., concur.