604 So.2d 836 (1992)
James Eugene STOKES, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1213.
District Court of Appeal of Florida, First District.
April 29, 1992.
Rehearing Denied October 6, 1992.
*837 Nancy A. Daniels, Public Defender, and Steven A. Been, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant James Eugene Stokes appeals the denial of his motion to suppress evidence seized from his person during execution of a valid search warrant. We affirm.
Based on information provided by a reliable confidential informant that cocaine was being sold in a particular Pensacola apartment, Deputy Johnson, of the Escambia County Sheriff's Department, applied for a warrant to search apartment number 173, located in Building "Q" of the Truman Arms Apartments, in Pensacola, Florida. The affidavit for search warrant further described the premises and persons to be searched in the following manner:
Along the southerly side of the "Q" building, travel to the third apartment located on the bottom floor. The numerals "173" appear to the left of the door. This is the location to be searched. Further to be searched is any person, present or arriving, known or suspected to be involved in the distribution of illegal drugs and any vehicle operated by any such person.
A warrant authorizing the search was issued. Appellant was present when the warrant was served. Crack cocaine was discovered on his person, and he was charged with possession of cocaine. Appellant filed a motion to suppress the cocaine and the $216.00 in currency taken from his person, asserting that he was not a person described in the warrant, and there was no other legal basis for the seizure and search of his person.
Deputy Johnson testified at the suppression hearing. He said he did not know the name of the lessee of the apartment when he served the warrant. The deputy stated that the confidential informant provided information "that a guy by the name of Stokes commonly sold crack cocaine from that apartment." When officers approached the building, appellant and the resident of the premises were seated on the stairs immediately in front of the apartment. Officers announced they were serving a search warrant, and asked the persons present to identify themselves. When appellant told officers his name, Deputy Johnson recognized it as the name of the person identified by the informant as one who frequented the premises to sell drugs. The deputy noticed that as appellant stood, he began shifting his weight from one foot to the other, all the while looking around. From appellant's manner, the deputy received the "distinct impression" that he was going to run.
Deputy Johnson said he decided to search appellant when he heard his name and observed the way in which he conducted himself. The search revealed crack cocaine in appellant's pocket. The deputy then entered apartment number 173, leaving appellant with other officers. After crack cocaine was discovered in the apartment, Deputy Johnson was advised by fellow officers that they had retrieved another quantity of crack cocaine from appellant's pants. Deputy Johnson stated that, based on information he had received that drugs were sometimes sold outside the apartment, it was his belief that the stairs and the area around the stairs were included in the search warrant. He explained he did not include that information in the affidavit in support of the application for the search warrant, because he thought it would be difficult to describe the curtilage of the apartment.
The trial court denied the motion to suppress, finding sufficient connection between appellant and the premises to be searched to place the search within the purview of the warrant. The case proceeded to trial before a different judge. Immediately prior to trial, appellant renewed the *838 motion to suppress. The renewed motion was denied at the conclusion of the trial.[1] The jury found appellant guilty as charged of possession of cocaine.
The validity of a search pursuant to a warrant is determined on the basis of the authority granted by the warrant. For example, a search warrant which authorizes a search of all persons present on the premises 
is unobjectionable if the evidence tendered to the issuing magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence of the criminal activity on his person. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). See also W. LaFave, Search and Seizure § 4.5(e) (2d ed. 1987).
Bergeron v. State, 583 So.2d 790, 791 (Fla. 2d DCA 1991). In other words, when there has been a judicial determination that there is probable cause to believe that the subject premises are being used for an illegal purpose, it is reasonable and proper to search persons found on such premises when there are reasonable grounds to believe "that such persons are engaged in or connected with the unlawful activities that are the subject-matter of the search." Samuel v. State, 222 So.2d 3, 5 (Fla. 1969). See also Bergeron, 583 So.2d at 791.
In Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988), a warrant authorized officers "to enter and search the afore-described place [a private dwelling] and premises together with the yard and curtilage thereof, ... and any person thereon reasonably believed to be connected with said illegal activity." Id., at 428. (Emphasis supplied by the Julian court.) Despite the warrant's expressed precedent condition for a search of persons discovered on the subject premises, before arriving at the dwelling the officers formulated a plan to detain and search anyone present in the yard of the dwelling. When the officers arrived, Julian and several other persons were standing in the yard. These persons did not act in a suspicious manner, but were not free to leave until searched. In the course of the search, contraband was found on Julian's person. The officer who testified at the suppression hearing failed to articulate any reason to believe that Julian, or any other person found within the curtilage of the dwelling, was armed or connected with the suspected illegal activity. On the foregoing facts, the court found the search exceeded the authority granted by the warrant, and the evidence derived from the search should have been suppressed. 528 So.2d at 429-430.
In this case, as in Julian, the search warrant authorized a search of any person, "present or arriving, known or suspected to be involved" or connected with the suspected illegal activity. However, in contrast to the circumstances in Julian, here, Deputy Johnson articulated reasons to believe that appellant was involved or connected with the sale of cocaine at the apartment described in the warrant. First, Deputy Johnson stated that when the officers arrived at the subject premises, appellant was seated on the steps directly in front of the apartment to be searched, within two to six feet of the door. Second, when asked to identify himself, appellant gave a name that had been provided to Deputy Johnson by the informant as a person who routinely sold crack cocaine from the subject apartment. Third, the deputy stated that when officers announced they were at the premises to serve a search warrant, appellant stood up and began shifting his weight from one foot to the other, thereby giving the deputy "the distinct impression that he was going to run." Finally, the deputy testified that based on information that drugs were sometimes sold on the stairs of the apartment, he believed the stairs and the area around the stairs were included in *839 the search authorization granted by the warrant.
We hold that the evidence was sufficient to allow the judge who presided at the suppression hearing to find that the reasons articulated by the deputy demonstrated a sufficient connection between appellant and the premises to be searched as to be within the purview of the warrant.
Accordingly, the order denying appellant's motion to suppress is affirmed.
ALLEN and WEBSTER, JJ., concur.
NOTES
[1] After hearing the evidence at trial, before receiving the verdict of the jury, the trial judge ruled that the officer performed a brief Terry search to assure himself that appellant was not in possession of a weapon. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We agree with appellant that there is no factual basis in the record for the view taken by the trial judge.