HALL, Acting Chief Judge.
The state appeals the order granting Rebecca Ferris’s motion to suppress hashish and LSD found pursuant to the execution of a search warrant at her residence. We reverse.
On or about December 12, 1991, Corporal Gary Swanhart of the Pinellas County Sheriffs Department was contacted by the Postal Inspector’s Office regarding four to six envelopes that were to be distributed in Pinellas County. All of the envelopes had the same return address in the Netherlands, and all of them had been opened by the postal inspector and found to contain approximately 9.2 grams of hashish. One of the envelopes was addressed to a Brian Sutton at 5132 — 11th Avenue South Gulfport, Florida. That address was determined to be the residence of Rebecca Ferris.
Corporal Swanhart and his colleague Detective Timothy Coakley prepared affidavits requesting anticipatory search warrants for the search of all of the addresses, including Ferris’s, to which the Netherlands envelopes had been mailed. In the affidavit executed with regard to Ferris’s residence, the officers explained how they had learned of the contents of the envelope addressed to Brian Sutton. They stated that a postal inspector was going to deliver the envelope containing hashish to Brian Sutton at Ferris’s address. The officers further stated their belief that there exists an organization responsible for the distribution of the envelopes that had been intercepted by the postal inspector. Consequently, the affidavit requested, in addition to the request to search the residence, its curtilage, and persons therein or vehicles thereon reasonably believed to be connected with the described illegal activities, that the officers be given authority to search for any papers and documents related to the shipping, mailing, or receiving of hashish, such as, but not limited to, phone records, shipping documents, and envelopes.
The affidavit was presented to a circuit court judge, who issued a search warrant which stated that “a Search Warrant is hereby allowed and issued for the 5132 11th Avenue South, Gulfport, Pinellas County, Florida, and as further described in the attached Affidavit for Search Warrant, said description hereby incorporated herein as though set forth in haee verba....” That description is as follows:
[A] one story masonry structure painted white over green, said residence having green painted shutters, with white sailboats painted on same, said residence having a gray fiberglass shingle roof with a white chimney approximately two (2) feet tall in the middle of said roof, said residence having three (3) inch numerals “5132”, black in color, above the front doorway affixed to the facia below the roof, said residence having a wood front door opening inward and a metal screen door opening outward, said residence having two (2) white steps in front of the doorway, said residence having a four (4) foot green brick wall to the west of the porch attached to said residence running parallel with said residence, affixed to the four (4) foot wall extending to the roof on the porch is a five (5) foot black decorative wrought iron support rail, to the east of said residence, attached to the front porch is located a planter bordered by a green brick wall approximately six (6) inches in height, said residence having a wall air conditioning unit below the large picture window on the front portion of the residence facing north and a window air conditioning unit on the west side of the residence also facing north, said residence having an approximate forty (40) foot walkway extending from the front porch to the sidewalk which runs parallel to 11th Avenue South, south of said residence having an open carport attached to said residence, said residence having a four (4) foot chain link fence surrounding the rear (south) of said residence....
On December 18, 1991, a postal inspector wearing a recording device made a controlled *754 delivery of the envelope addressed to Brian Sutton at Ferris’s address. Two individuals later identified as Rebecca Ferris and Bradford Sutton answered the door, and the letter was presented to them as requiring twenty-five cents postage. One of the two paid the postage and the postal inspector left.
Approximately fifteen minutes later, Ferris and Sutton came out of the residence and entered a vehicle as if to leave. Sargeant George Steffen, who was surveilling the Ferris residence, and some other law enforcement units moved in to stop them. Sargeant Steffen detained Ferris and Sutton, and read Sutton his rights and asked him several questions regarding the investigation. Sutton indicated that the envelope was in the car as they were on their way to the post office to return it. Sargeant Steffen made a cursory search of the car but did not see the envelope. Ferris and Sutton were then taken inside the residence and the affidavit and search warrant were read to them. A search of the residence was instituted and produced a box containing over twenty grams of marijuana and approximately ten grams of hashish and twenty-eight hits of LSD. During the search of the residence, the car was searched and the envelope containing the hashish that had been delivered by the postal inspector was found underneath the driver’s seat.
Ferris was arrested and charged by information with possession of LSD, marijuana, and hashish. She filed a motion to suppress, which was granted. Citing Bergeron v. State, 583 So.2d 790 (Fla. 2d DCA 1991), the trial court suppressed the hashish because the search warrant did not specify that the car in which the hashish was found could be searched. The trial court suppressed the LSD, which was discovered during the search of the house, because he believed that probable cause to search the house evaporated once the hashish left the house. There is no mention of the marijuana Ferris was charged with possessing in either the order granting the motion to suppress or in the transcript of the suppression hearing.
We disagree with the trial court’s findings and reverse the order granting Ferris’s motion to suppress. Vehicles within the curtilage of a residence may be searched pursuant to a search warrant authorizing a search of that residence as well as its curtilage. Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974). See also State v. Musselwhite, 402 So.2d 1235 (Fla. 2d DCA), rev. dismissed, 408 So.2d 1094 (Fla.1981). We find that the curtilage of Ferris’s residence was authorized to be searched because the highly detailed description of the residence included the carport, the walkway from the front porch to 11th Avenue, and the back yard. As noted previously, that detailed description was incorporated by reference into the search warrant. Accordingly, the search of the vehicle in this case was proper, and the fruits of that search should not have been suppressed.
This holding is not in conflict with that in Bergeron, upon which the trial court relied in granting Ferris’s motion to suppress. The search warrant in Bergeron authorized a search of “a single story structure located at 2622 Parma Street, Sarasota, Florida....” If the structure was further described, the description was not included in the opinion. The warrant authorized a search of all persons within the premises and any vehicles situated on the premises or immediately adjacent thereto. Bergeron drove up to the residence at 2622 Parma Street while the search thereof was underway. He parked his car in the driveway, exited the car, and proceeded toward the residence. Officers stopped him in the yard and searched him.
The trial court denied Bergeron’s motion to suppress, and this court reversed, citing two grounds. First, this court held that Bergeron’s mere presence at the location, without some evidence reasonably connecting him to illegal activity, could not justify the search of his person. Second, this court held that the search warrant did not authorize the search of Bergeron because it only authorized the search of persons within the described structure. In so holding, this court noted that “this is not a situation where the issuing magistrate, based upon the affidavit, issued a search warrant authorizing search of persons within the curtilage. Had the affidavit and warrant so stated, the result we reach *755 may have been different.” Bergeron, 583 So.2d at 791-792.
We find Bergeron distinguishable because the affidavit and search warrant in this case did authorize a search of the curtilage and, as noted previously, such an authorization has been held to include vehicles found within the curtilage. Joyner; Musselwhite. We therefore hold that the affidavit and search warrant authorized the search of the vehicle in Ferris’s driveway.
We also hold that the affidavit and search warrant authorized the search of the house that produced the LSD. The affidavit set forth probable cause to believe that Ferris’s house would contain evidence relating to the shipping, mailing, or receiving of hashish. Thus, a search of the house was authorized even after the hashish was found in the car, and the fruits of that search should also not have been suppressed.
Accordingly, we reverse this case with directions to quash the order granting Ferris’s motion to suppress.
THREADGILL and PATTERSON, JJ., concur.