PATTERSON, Judge.
Bennie Calhoun challenges his judgment and sentences for possession of cocaine and possession of drug paraphernalia. He argues that the trial court erred in denying his motion to suppress evidence. We agree and reverse since the police did not have probable cause to search Calhoun merely because he came out of an apartment which was the subject of a search warrant.
St. Petersburg narcotics detectives suspected Harrison Fields of dealing in drugs. They arranged to have a confidential informant make two supervised purchases of crack cocaine from Fields. The informant made the purchases in Fields’ apartment. He told the detectives that Fields also kept cocaine and paraphernalia in the trunks of his two Cadillacs. He did not mention Calhoun as being involved in Fields’ drug activity. The detectives obtained a search warrant for Fields’ apartment.
On January 17, 1992, Detective Saathoff saw Fields and Calhoun walk down the steps from the apartment to Fields’ red Cadillac in the parking lot. As the two men got into the car, the police van blocked their path and detained them. One of the detectives frisked Calhoun for weapons and found nothing. The detectives took Fields and Calhoun up to the apartment and executed the search warrant. They found an assortment of crack-smoking devices and cocaine residue inside the apartment. They also found crack cocaine, paraphernalia, and weapons in the trunk of the yellow Cadillac. Detective Glover strip-searched Calhoun and found a rock cocaine pipe containing cocaine residue in Calhoun’s right front pocket.
On February 6, 1992, the state filed an information charging Calhoun with possession of cocaine and possession of paraphernalia. Calhoun filed a motion to suppress evidence on the ground that the search and seizure was illegal. Following a hearing, the trial court denied the motion to suppress and found that Calhoun was “reasonably connected” to the search premises. This was error. A warrant only authorizes a search of persons on the described property if they are reasonably suspected of being involved in the illegal activity which is the subject of the warrant. Bergeron v. State, 583 So.2d 790 (Fla. 2d DCA 1991) (citing Samuel v. State, 222 So.2d 3 (Fla.1969)); Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988). The detectives in this case did not have a reasonable suspicion that Calhoun was involved in criminal activity.
A visitor’s mere presence on the premises authorized to be searched is insufficient evidence of criminal conduct to justify a search of his person. Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Detective Saathoff admitted that Calhoun was not named in the warrant nor was he suspected of being involved in Fields’ criminal activity. Saathoffis surveillance of the premises revealed only that Calhoun left the apartment with Fields and got into Fields’ car. A pat-down search revealed nothing. Calhoun was “merely present” at the apartment named in the search warrant. On these facts, the detectives had no grounds to search him. Thus, the trial court erred in denying the motion to suppress.
Reversed.
RYDER, A.C.J., and ALTENBERND, J., concur.