FULMER, Judge.
The defendant, Daniel Vanallen Stahl, appeals the denial of his motion to suppress evidence seized from his person. We reverse.
Law enforcement officers obtained a search warrant to search the apartment where Stahl resided. As the officers were executing the warrant, a vehicle in which Stahl and others were riding pulled into the parking lot of the apartment complex. One of the officers present at the scene recog *259 nized Stahl as a resident of the apartment being searched. The officers prevented the vehicle from leaving the parking lot.
A pat-down search of Stahl was conducted in the parking lot and no contraband was found on his person. Stahl was then taken into the apartment where the search warrant was being executed. Stahl was searched again inside the apartment and cocaine was found on his person. Stahl was charged with trafficking in cocaine in violation of section 893.135(l)(b), Florida Statutes (1991). He entered a plea of no contest, reserving his right to appeal the denial of his motion to suppress.
A warrant to search for contraband carries with it the limited authority to detain residents of the premises while the search is conducted. If the premises search results in probable cause to arrest the resident, then a search of the person following arrest is permissible. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). In Summers, as in this case, the officers encountered the defendant outside the residence and brought him inside while they searched the premises. However, unlike Summers, no contraband was found in Stahl’s apartment and there was no probable cause to arrest. Thus, the search of Stahl inside the apartment was impermissible.
This court has previously determined that a person’s mere presence at a residence during the execution of a search warrant does not justify a search of that person absent the discovery of something which creates reasonable cause to believe that the person is involved in the criminal activity. Belvin v. State, 585 So.2d 1103 (Fla. 2d DCA 1991); Julian v. State, 528 So.2d 427 (Fla. 2d DCA 1988).
Reversed and remanded for proceedings consistent with this opinion.
THREADGILL, A.C.J., and PATTERSON, J., concur.