PETERSON, Chief Judge.
Lovell Smith appeals the denial of his motion to suppress evidence of cocaine removed from his clothing. We reverse.
Two sheriffs deputies drove their cruiser into a parking lot of an apartment complex which had been experiencing problems with loitering and trespassing. The deputies noticed two persons in a vehicle parked in a driveway of the complex and as they entered the driveway, one of the persons exited the vehicle and ran into one of the apartments. The driver of the vehicle then began to back out of the driveway, but because the sheriffs eraser was by then 25 to 30 feet behind the vehicle, the driver put it back in its original position.
Based upon these facts, the deputies approached the driver, asked him to step out of his vehicle and produce his driver’s license. Smith volunteered the fact that his driver’s license was suspended. A citation was issued for that and a deputy then asked the driver whether he possessed a firearm or contraband. As he replied in the negative, he began emptying his pockets. One of the items Smith removed from a pocket was a wad of cellophane that contained crack cocaine. Smith was then placed under arrest.
Smith argues that the evidence of cocaine should be suppressed because he was illegally seized pursuant to an unconstitutional stop. We agree. The only acts attracting the officers’ attention were a passenger running from the vehicle to an apartment, and a vehicle returning to its original position when its backward movement was blocked by the cruiser. Although both of these acts should attract the attention of police officers in an area experiencing crime problems, it does not rise to that quantum of suspicion necessary to justify a stop. Such events can occur regularly in innocent circumstances and do not justify a stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Taylor v. State, 540 So.2d 887 (Fla. 5th DCA 1989) (running from police even in a high crime area cannot alone justify a Terry stop).
We reverse the order denying the motion to suppress.
REVERSED.
DAUKSCH and ANTOON, JJ., concur.