BROWNING, J.
D.M.D. (Appellant), a juvenile, appeals an adjudication of delinquency entered after he pled no contest to charges of possession of a controlled substance and drug paraphernalia. Having specifically reserved the right to challenge the denial of his motion to suppress evidence and statements, Appellant contends the evidence in question was obtained during an unlawful search that exceeded the permissible scope of the warrant. We reverse and remand with instructions to discharge Appellant.
The trial court issued a search warrant for the premises of Timothy Ryan Clark and/or persons unknown, the curtilage thereof, and any vehicles parked on the premises. By its express terms, the warrant allowed the authorities to enter the premises, curtilage, and vehicles “to search diligently for the property described in this warrant,” specifically in pertinent part, controlled substances and drug paraphernalia as well as any money, records, and other matters relating to drug purchasing, packaging,- using, or trafficking. In support of the warrant, an experienced investigator from the Gulf County Sheriffs Office gave sworn testimony that within the past 21 days he had received information from a confidential reliable informant who had been invited inside the described dwelling within that same period and, while inside, had observed a quantity of “ecstasy” pills or tablets being offered for sale. The informant reported having personal knowledge of, and contact with, several people who frequented the residence and who manifested a “behavioral change.” The informant also reported an increase in visitors to the residence who stayed for a very short period of time. Mr. Clark was named as the individual involved in the possession and attempted distribution of this controlled substance at his residence. Appellant was not mentioned anywhere in either the search warrant or the supporting documents.
Appellant’s motion to suppress alleged 1) that the authorities had served the search warrant on Clark’s residence; 2) that when the officers arrived, Appellant was a visitor sitting with others on a sofa inside the residence; 3) that Appellant neither did anything nor conducted himself in such a manner as to give the officers any lawful reason or cause to compel him to submit to a personal search, and that no other probable cause existed to search him; 4) that Appellant had been instructed by the officers not to move, for everyone was going to be searched; and 5) that the nonconsensual search of Appellant’s person revealed a pack of “rolling papers” and two ecstasy tablets in his pants pocket.
The sole witness at the suppression hearing, the investigator, testified that the search warrant had been served on approximately six people at the residence. Those present were gathered and ordered to sit down to control the group, to assure everyone’s safety, and to prevent any possible evidence from being destroyed. Everyone in the dwelling was to be searched. After observing an individual trying to hide or dispose of a substance in his mouth, the investigator recovered the item as evidence. Appellant was situated next to that individual. Prior to visiting Clark’s residence, the officer knew Appellant but did not know Appellant to be a resident of the dwelling. Appellant made no threatening movements nor took any specific action that would cause the officer to believe Appellant possessed contraband. Nevertheless, the investigator ordered Appellant to submit to a search for possible ecstasy pills. The ecstasy tablets found in Appellant’s pocket were secured and sent to the lab. The investigator testified that he had construed the search warrant to be *853 directed to Clark and to anyone else in the residence.
The defense admitted that the search warrant itself is valid. Defense counsel argued, however, that the search warrant, being directed to Clark without naming Appellant, did not necessarily include everyone on the premises. The defense asserted that, unlike Clark or the individual next to him who had tried to hide suspected contraband, Appellant had done nothing to cause the officers reasonably to suspect him of any association with drugs or other criminal activity. On that basis, Appellant contended the personal search was unlawful because it exceeded the permissible scope of the warrant.
We review this pure question of law de novo. State v. Gandy, 766 So.2d 1234 (Fla. 1st DCA 2000). Appellant acknowledges the officers could have lawfully detained him temporarily during the search of Clark’s residence. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); State v. Thomas, 603 So.2d 1382 (Fla. 5th DCA 1992). The State characterizes the warrant as a “search all persons present” instrument that justified the search of everyone inside Clark’s residence. See, e.g., Bergeron v. State, 583 So.2d 790, 791 (Fla. 2d DCA 1991) (“The search-all-persons-present warrant is unobjectionable if the evidence tendered to the issuing magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence of the criminal activity on Ms person.”). “The validity of a search pursuant to a warrant is determined on the basis of the authority granted by the warrant.” Stokes v. State, 604 So.2d 836, 838 (Fla. 1st DCA 1992). On its face, the language in the warrant permits a search only of the premises of Clark and “persons unknown,” as well as the curtilage and veMcles thereon. The officers had no information indicating the residence in question was Appellant’s premises, and Appellant did not act in such a way as to give the officers reasonable cause to believe he was involved in criminal activity. Stahl v. State, 634 So.2d 258 (Fla. 2d DCA 1994). Under these circumstances, “[m]ere presence cannot supply the reasonable connection to the illegal activity.” Bergeron, 583 So.2d at 791. Accordingly, the search of Appellant is illegal, and the motion to suppress should have been granted on the facts adduced.
The order adjudicating Appellant delinquent is REVERSED, and the case is REMANDED with instructions to discharge Appellant.
WEBSTER and POLSTON, JJ., CONCUR.