PER CURIAM.
We affirm the trial court’s order suppressing appellant’s confession, which was obtained after detectives, in executing a search warrant of an apartment, handcuffed appellant and read him his Miranda, rights. The trial court concluded that appellant was illegally seized and suppressed his statement. The state’s argument on appeal is that the seizure of appellant was lawful because there were reasonable grounds to suspect that he was engaged in the unlawful activities on the premises for which the search warrant was issued. See Samuel v. State, 222 So.2d 3, 5 (Fla.1969). That is a factual determination, and we agree with the trial court that, without considering the admissions made in' the confession, the state failed to produce evidence tending to show that appellant was engaged in any illegal conduct on the premises. As there was no break in the causal chain from appellant’s seizure to his confession, the trial court correptly suppressed the confession. See Adams v. State, 830 So.2d 911, 914 (Fla. 3d DCA 2002).
WARNER, KLEIN and GROSS, JJ., concur.